RECEIVED
DEC 0 5 2017
WILLIAM T. WALSH, CLERK

B. List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1
Name: Tracy Gordon / DHS
Street Address: c/o Dept of Treasury - 50 W State St.
County, City: Mercer, Trenton 08608
State & Zip Code: New Jersey

Defendant No. 2
Name: Jeanette Murray / DHS
Street Address: c/o Dept of Treasury - 50 W State St.
County, City: Mercer, Trenton
State & Zip Code: New Jersey 08608

Defendant No. 3
Name: Val Taumatolla
Street Address: c/o Dept of Treasury - 50 W State St.
County, City: Mercer, Trenton
State & Zip Code: New Jersey 08608

Defendant No. 4
Name: Maureen Taylor
Street Address: c/o Dept. of Treasury - 50 W State St.
County, City: Mercer, Trenton
State & Zip Code: New Jersey 08608

## II. Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. There are four types of cases that can be heard in federal court: 1) Federal Question - Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case; 2) Diversity of Citizenship - Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case; 3) U.S. Government Plaintiff; and 4) U.S. Government Defendant.

A. What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal Questions            ☐ Diversity of Citizenship

☐ U.S. Government Plaintiff    ☐ U.S. Government Defendant

B. If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

_____



**U.S. DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HOSEA L. FLAGG<br>231 PASSAIC STREET<br>TRENTON, NEW JERSEY 08618<br><br>Plaintiff,<br>v.<br><br>STATE OF NEW JERSEY/ OFFICE OF CHILD SUPPORT, **MAUREEN TAYLOR, VAL TAUMTOLLA, TRACY GORDON, JEANETTE MURRAY**<br><br>Defendants. | Case No.: 3:17-CV-02602-PGS-TJB<br><br>**COMPLAINT FOR EQUITABLE DAMAGES, PUNITIVE DAMAGES, AND REQUEST FOR INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMANDED**<br><br>Judge : HON. PETER G. SHERIDAN<br><br>Date Action RE-filed:<br>SEPTEMBER, 6, 2017<br>Date set for trial: |

## I. NATURE OF THE CASE

1. Plaintiff MR. HOSEA L. FLAGG bring this action individually. The plaintiff brings this action against Defendants STATE OF NEW JERSEY-OFFICE OF CHILD SUPPORT SERVICES, (hereinafter referred to collectively as "Defendants," or individually by their respective acronyms). This complaint seeks equitable and injunctive relief VIOLATION OF THE PLAINTIFFS CIVIL RIGHTS FAILURE TO HIRE BASED ON AGE AFTER COMPLAINING ABOUT EMAIL TRANSMISSIONS AND REMARKS MADE BY MANAGEMENT REGARDING SEXUAL OROENTATION. This complaint additionally seeks damages for THE DEFENDANTS EGREFOUS BEHAVIOR and failure to AND FAILURE TO HIRE THE DEFENDANT TO A PERMANENT POSITION BY CIRCUMVENTING THE HIRING PRACTICES SET FORTH BY THE CIVIL SERVIE COMMISSSION AND APPOINTING FAMILY MEMEBERS, AND THOSE WHO HAD NOT PASSED THE CIVIL \SERVICE EXAMINATION. Finally, this complaint seeks treble and punitive damages for fraud and conspiracy in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. (sec) 1962 for Defendants' collective and organized

CIRCUMVETNION OF THE APPOINTMENT PROCESS SET FORTH BY THE STATE OF NEW JERSEY VIS THE CIVIL SERVICE COMMISSION. ON OR ABOUT JUNE 30TH OF 2017 THE DEFENDANTS DID NOT RENEW THE PLAINTIFFS WORKING CONTRACT IN RETALIATION FOR THE PLAITIFF EXERCISING HIS CIVIL RIGHTS AND FILING COMPLAINTS/ LAWSUITS WITH THE DIVISION OF CIVIL RIGHTS AND THE FEDERAL CIVIL COURTS.

## II. JURISDICTION and PARTIES

2. Defendants STATE OF NEW JERSEY-OFFICE OF CHILD SUPPORT SERVICES with principal places of business in THE STATE OF NEW JERSEY. Plaintiff, HOSEA L. FLAGG IS A RESIDENT OF THE STATE OF NEW JERSEY. All events giving rise to this incident took place in THE STATE OF NEW JERSEY. Therefore, jurisdiction of this court is proper.

## III. FACTUAL ALLEGATIONS

3. PLANTIFF COMPLAINED OF REMARKS AND E-MAIL TRANMISSSIONS OF SEXUAL ORIENTED REMARKS MADE BY A SUPERVISOR WITHIN THE DEPARTMENT OF THE OFFICE OF CHILD SUPPORT. THE REMARKS WENT UNDOCUMENTED AND PROCESSED UNTIL THE PLAINTIFF FOLLOWED UP WITH THE GOVERNORS OFFICE. THE PLAINTIFF SPOKE TO SEVERAL MANAGERS ON OR ABOUT NOVEMBER 12TH OF 2014. SARA, MAUREEN, AND TRACY). THE PLAINTIFF HEARD NOTHING AND DECIDED TO BRING THE MATTER TO THE ATTENTION OF THE ACTING OFFICE MANAGER JEANETTE MURRAY ON OR ABOUT DECEMBER 07TH OF 2015. AFTER HAVING ALREADY REPORTED THE MATTER TO THE GOVERNORS OFFICE IN OCTOBER OF THE SAME YEAR FOR THE FIRST TIME. THE DEFENDANTS POSTED A POSITION LATER THAT YEAR FOR A CHILD SUPPORT SPECIALIST 1 POSITON. FOR WHICH THE PLAINTIFF DID APPLY. THE POSITION WAS ORGINALLY ONLY OPEN TO THOSE WORKING IN A STATE POSTION. THE PLAINTIFF MADE WAY TO THE HUMAN RESOURCES AND WAS ADVISED THAT ALL WERE ENCOURAGED TO APPLY. THE PLAINTIF APPLIED FOR THE POSITION ON OR ABOUT FEBRAURY 2, OF 2016. THE PLAINTIFF WAS LATER CONTACTED BY HIS MANAGER MAUREEN BY E-MAIL ON OR ABOUT MARCH 18TH OF 2016; TO INFORM HER IF HE HAD APPLIED FOR THE POSITION AND REQUESTED TO SEND

HER A COPY OF THE RESUME THAT HE HAD SUBMITTED AND THE CONFIRMATION OF THE APPLICATION PAYMENT AND ACCEPTANCE. LATER THE INCOMING OFFICE MANAGER CALLED THE PALINTIFF INTO HER OFFICE AND STATED SHE NEEDED TO SPEAK TO THE PALINTIFF ABOUT THE RESUME SUBMITTED. ON OR ABOUT APRIL 1ST OF 2016 THE MANGER VAL MADE CAHNGES TO THE PLAITIFFS RESUME AND RESUBMITTED IT TO HUMAN RESOURCES. THE NEW OFFICE MANAGER –VAL HAD TWO BLOOD RELATIVES WHO WAS UP FOR THE SAME POSITIONS ONE OF WHICH WAS SERVING IN THE POSITION AS A PROVISIONAL STATE EMPLOYEE. THE PLAINTIFF FILED A FORMAL COMPLAINT WITH THE EEO, THE DIVISION OF CIVIL RIGHTS, AND THE FEDERAL EEO ON OR ABOUT JUNE OF 2016; AFTER FILING THE FOLLOW UP COMPLAINT WITH THE GOVERNORS OFFICE ON OR ABOUT MAY 18TH OF 2016.

    4. ON OR ABOUT JUNE OF 2016 THE DEFENDANTS SUMMONED THE PLAITNFF TO HUMAN RESOURCES AND WAS ADVISEY BY JOHN KARL THAT HE CAN NOT BE TRACKING CO-WORKER GOINGS AND COMINGS. TO WHICH THE PLAINTIFF REPLIED THAT WAS UNTURE AND HE COULD CARE LESS UNLESS IT AFFECTED HIM AND THE PLAINTIF ADVISED HUMAN RSOURCES AT THAT TIME THAT A COMPLAINT HAD BEEN FILED WITH THE GOVERNORS OFFICE AND THE ACTING HUMAN RSOURCES MANAGERS WENT TO CONFIRM THIS. WHEN SHE CAME BACK INTO THE MEETING ROOM THE FACT OF THE COMPLAINT WAS FILED WAS CONVEYED TO ALL IN THE MEETING ROOM AND THE PLAINTIFF WAS EXCUSED.

    5. ON OR ABOUT JULY OF 2016 THE PLAINTIFF WAS MOVED FROM BUILDING 3 TO BUILDING 5 WHER CUSTOMER SERVICE WAS HOUSED WITH LIMITED ACCESS TO FUNCTIONS NEEDED TO COMPLTE DAILY TASKS. THIS MOVE WAS TOLD TO THE PLAINTIFF BY THE DEFENDANTS AGENT ANDREW.

    PLAINTIFF WAS STILL TAKING CALLS AND DOING THE WEB CHAT FUNCTION OF THE JOB ASSIGNMENT BUT WAS NOT GETTING ANY E-MAILS OR UPDATES ABOUT CHANGES AND MADE A REQUEST AFTER SEVERAL MONTHS TO THE PERSON PLACED OVER HIM TO APPROVE HIS PAYROLL TIMEKEEPING JEFF.

    THIS REQUEST WAS DONE VI E-MAIL.

    6. Defendant LATER IN 2017 CHANGED THE PLAINTFFS JOB ASSIGNMENT TO THE ECM-ELECTRONIC CONTENT MANAGEMENT; TEAM RESPOSIBLE FOR

SCANNING AND FILING OF MAIL AND CORRESPONDENCE. AND ATTENDING MEETING WITH SUBCONTRACTORS AND OUTSIDE VENDORS (CONDUENT)

7. THE Defendants' collective actions and EGREGOUS BEHAVIOR THE PLAINTIFFS WORKING CONTRACT WITH THE STATE OF NEW JERSEY OFFICE OF CHILD SUPPORT SERVICES WAS NOT RENEWED AT THE END OF THE ASSIGNMENT ON JUNE 30, OF 2016 AND THE PLAINTIFFS EMPLOYER ACRO SERVICE CORPORATION CALLED TO INFORM THE PLAINTIFF THE CONTRACT WAS NOT BEING RENEWED AND NOT TO REPORT AFTER THE JULY FOURTH WEEKEND AND TO COLLECT ANY PERSONAL BELONGINGS FROM THE SECURITY GUARD AND TO RETURN THE BADGE USED FOR DOOR ENTRY AS SOON AS POSSIBLE.

## IV. CAUSES OF ACTION
## FIRST CAUSE OF ACTION
### Wrongful TERMINATION

8. ON OCTOBER OF 2013 THE PLAINTIFF ENTERED INTO CONTRACT WITH THE PLAITIFF DHS-DEPARTMENT OF HUMAN SERVICES; WORKING ON THE HURRICANE SANDY RELEIF EFFORTS AND ON OR ABOUT JUNE OF 2014 THE DEFENDANTS MOVED/PLACED THE PLAINTIFF WITH DHS-OFFICE OF CHILD SUPPORT SERVICES AS A CHILD SUPPORT SPECILAIST CONTRACTED THROUGH ACRO SERVCE CORPORATION.

9. PLAINTIFF MADE THE DEFENDANT S AND ITS AGENTS OF COMMENTS MADE BOTH IN WIRTING AND ORALLY BY A SUPERVISOR THAT WERE OFFENSIVE TO THE PLAINTFF, AND THE PLAINTFF REPORTED THE MATTER TO ALL LEVELS OF UPPER MANAGEMENT AS WELL AS TO HIS EMPLOYER ACRO SERVICE CORPORATION.

10. as a direct and proximate result of these stated acts OMISSIONS, CIRCUMVENTION, AND COMPLAINTS MADE TO THE STATE OF NEW JERSEY EEO, DIVISION OF CIVIL RIGHTS, AND THE FEDERAL EEO (THE PLAINTIFF EXCERCISED HIS CIVIL RIGHTS), THE DEFENDANTS WRONGFULLY DISCHARGED THE PLAINTFF FROM EMPLOYMENT. THE STATE HIRED ON IR ABOUT MAY OF 2017 SEVERAL YOUNGER EMPLOYEES WITHIN THE DIVISION AND THE COMMENT WAS MADE BY THE ASST. DIRECTOR AT AN OPEN STAFF MEETING THAT WE HAVE FILLED THE OFFICE WITH YOUNGER TECHIER PERSONNELL.

## SECOND CAUSE OF ACTION
### Strict Tort Liability

11. The aforementioned RIGHT TO FILE COMPLAINT BY THE PLAITIFF WITH HIS MANAGERS, SUPERVISORS, EEO, CIVIL RIGHTS AND FEDERAL EEO IS THAT OF ALL UNITED STATES CITIZENS. FOR WHICH THE PLAINTIFF WAS GIVEN A RIGHT TO SUE LLTTER BASED ON HIS CLAIMS FROM THE FEDERAL EEO OFFICE OF NEWARK, NEW JERSEY IN EARLY 2017.

12. Defendants DID REQUEST A COPY OF THE PLAITIFFS RESUME AND MAKE CHANGES AND RESUBMIT THE CHANGED RESUME. THE DEFENDANTS HAD knowledge, AND concealed these FACTS DURING INVESTIGATION.

13. As a result of THE CIRCUMVETNION BY THE OFFICE OF CHILD SUPPORT SERVICES THE PLAITIFF WAS DEFRAUDED FROM PERMANANT EMPLOYMENT.

### THIRD CAUSE OF ACTION
### Public Nuisance

14. DEFENDANTS CIRCUMVETNION OF THE CIVIL SERVICE COMMISSION HIRING PRACTIES creates a public nuisance that unreasonably endangers THE HEALTHY POOL OF QUALIFIED APPLICANTS by contaminating THAT OFFICES GROUDWORK AND RULES GOVERN BY THE STATE OF NEW JERSEY.

15. By continuing to USE THESE CIRCUMVENTED HRING METHODS AND failing to use the standard method SET BY THE STATE OF NEW JERSEY FOR THE CIVIL SERVICE COMMISSION continues to contaminate the APPLICANT POOL AND THIS WILL continue until an injunction is issued to stop the use of ANY HIRING PRACTICE THAT IS NOT SET FORTH BY BOTH THE STATE AND THE CIVIL SRVICE COMMSSION.

16. As a direct and proximate cause of Defendant's acts and omissions, APPLICANTS PAID THE CIVIL SERVICE FEE SET BY THE STATE AND WERE NOT GIVEN THE CHANCE OF BEING HIRED UNTIL THE GOVERNORS OFFICE INTERVEYNED AND MADE INVESTIGATION INTO THE MATTER AT THE REQUES T OF THE PLAINTIFF.

### FOURTH CAUSE OF ACTION
### Failure to HIRE

17. DEFENDANT STATE OF NEW JERSEY OFFICE OF CHILD SUPPORT SERVICES had a duty to Plaintiffs and the general public TO USE THE HIRING METHOD AS SET FORTH BY THE CIVIL SERVICE COMMISON OF THE STATE OF NEW JERSEY AND NOT USE ANY OTHER METHOD OF CIRCUMVETNION

18. Defendants STATE OF NEW JERSEY OFFICE OF CHILD SUPPORT or with the exercise of reasonable care, should have known that ANY EFFORTS TO CIRCUMVENT THE

HIRING PRACTICES SET FORTH BY THE SATE WOULD NOT GO UNNOTICED OR UNCHALLENGED

19. At all times relevant to this litigation, Defendants STATE OF NEW JERSEY OFFICE OF CHILD SUPPORT SERVICES had actual and/or constructive knowledge of the dangers mentioned above. Despite this knowledge, OCSS continued to operate in reckless disregard for THE PLAINTIFF AND ALL PAID APPLICANTS FOR THE POSITION OF CHILD SUPPORT SPECIALIST 1.

20. OCSS breached its duty to INFORM the community ABOUT ANY OTHER HIRING PRACTICES NEED TO GAIN FULL TIME EMPLOYMENT WITH ITS OFFICE.

21. Defendant OCSS'S failure to warn has resulted in the contamination and the endangerment OF THE APPLICANT POOL AND THE SUBSEQUENT TEST THAT WAS ADMINSISTERED.

22. OCSS'S CIRCUMVENTION resulted in the REMOVAL OF PERSONS THEY GRANTED THE POSITIONS AND THE NOT BEING ABLE TO TAKE THE EXAM BY OTHER APPLICANTS.

## FIFTH CAUSE OF ACTION

**Conspiracy and DEFRAUD in Violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. (sec) 1962, and Request for Treble Damages.**

23. Defendants engaged in a conspiracy to defraud by collectively agreeing NOT TO HIRE THE PLAINTFF.

24. THE OFFICE MANAGER WHO THE PLAITIFF REPORTED THE MATTER OF THE COMMENTS TO WAS ON THE HIRING AND INTERVIEW PANEL.

25. THE SUPERVISORS WITH WHOM THE COMNPLAINT WAS MADE REQUESTED A COPY AND DID MAKE CHANGES TO THE RESUME AND RESUBMIT.

26. THE NEW OFFICE MANAGER WHO MADE CHANGES TO THE RESUME HAD TWO BLOOD RELATIVES IN THE SAME OFFICE WHOM SHE WAS SUPERVISOR OVER ATLEAST ONE AND WHO WERE APPLYING AND TAKING EXAMINATION FOR THE SAME TITLED POSITION.

27. THE MANAGER WHO MADE THE COMMENTS REFERRED TO THE PLAINTIFF AS BEING LIKE HER GAY BROTHER IN E-MAILS.

28. As a result of this collective action to defraud the PLAINTIFF AS WELL AS THE public, Plaintiffs have suffered injuries indicated above. Treble damages are therefore appropriate under RICO to punish the conspiratorial nature of Defendants' planned concealment AND CIRCUMVENTION of THE HIRING PRACTICES SET FORTH BY THE CIVIL

SERVICE COMMISSION OF THE STATE OF NEW JERSEY. AND AS A RESULT OF THE PLAINTIFF EXERCSING HIS CIVIL RIGHTS, resulting in the DEFENDANTS TERMINATING THE PLAINTIFF.

### SIXTH CAUSE OF ACTION
### Negligence

29. Defendant STATE OF NEW JERSEY-OCSS had a duty to the APPLICANTS and to Plaintiff to refrain from contaminating, OR CIRCUMVENTING THE HIRING PRATICES OF THE STATE OF NEW JERSEY. (CSC)

30. Defendants breached their respective duties to the APPLICANTS and to Plaintiff. As a result, Plaintiff has suffered damages indicated above.

### Punitive Damages

31. The conduct of Defendants described above is outrageous. Defendants' conduct demonstrates a reckless disregard for APPLICANTS AND a conscious disregard FOR THE APPLICANT POOL. The acts and omissions described above were willful and performed with actual or implied malice. Punitive and exemplary damages are therefore appropriate and should be imposed in this instance.

### V. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for a judgment against Defendants for:

1. Injunctive and equitable relief IN THE AMOUNT OF $4.5 MILLION DOLLARS (1.5 MILLION TO BE DONATED TO AN LGBTQ ORGANIZATION OF THE PLAINTIFFS CHOOSING IN THE DONATED NAME OF THE OFFICE OF CHILD SUPPORT SERVICES) IN PUNITIVE DAMAGES including:

Requiring Defendant STATE OF NEW JERSEY OFFICE OF CHILD SUPPORT TO STRICTLY COMPLY WITH THE HIRING PROCESS SET FORTH BY THE STATE OF NEW JERSEY AND THE CIVIL SERVICE COMMISSION. WHEN THE FEE IS PAID AN EXAMINATION DETERMINES WHO IS QUALIFIED TO BE INTERVIEWED AND FINALLY SELCTED FOR THE POSITION.

Compelling Defendant STATE OF NEW JERSEY OFFICE OF CHILD SUPPORT SERVICES to remove ANY existing METHODS OUT OF PRACTICE.

2. Compensatory damages to be paid by Defendants IN THE AMOUNT OF $300,000;
3. Costs and attorney's fees of this lawsuit, with interest;

4. Any other relief as the court deems appropriate.
5. TO HIRE THE PLAINTIFF TO THE CSP1 POSITION AT A NEGOTIATED SALARY BACK TO THE DATE OF JUNE 2016 WITH THE PROBATIONARY PERIOD HAVING ALREADY EXPIRED. AND ALL BENEFITS PROVIDED FROM THE DECEMBER 1, 2016. DATE INCLUDING 401K, RETIRMENT, INSURANCE, AND REIMBURSEMENT FOR ANY OUT OF POSCKET INSURANCE PAID TO ACRO SERVICE FROM JUNE 1, 2016 TO THE CURRENT TIME. VACATION TIME, SICK TIME AND ANY BACK PAY WITHHELD TO BE PAID IN FULL.


Dated: November 30, 2017


HOSEA L. FLAGG


1. COMPLAINT MAILED TO DHS VIA US MAIL AND CERTIFIED MAIL TO: **Division of Family Development** **P.O. Box 716 Trenton, NJ 08625-0716**; AND BLDG 6 QUAKERBRIDGE PLAZA MERCERVILLE, NJ ; FOR DEFENDANT(s) TRACY, VAL AND JEANETTE.
2. AFFIXED TO THE WORK SITE FRONT ENTRANCE FOR EACH DEFENDANT (TRACY GORDON BLG. 3, VAL TAUMATOLLA BLDG 3, JEANETTE MURRAY BLDG 5 MAUREEN TAYLOR VIA **Office of The Attorney General** RJ Hughes Justice Complex 25 Market Street, Box 080 Trenton, NJ 08625-0080, ALSO CERTIFIED MAIL FOR MAUREEN TAYLOR AT THE JUSTICE COMPLEX.
3. MAILED TO THE DEPARTMENT OF TREASURY TO BE FORWARDED VIA PAYROLL TO EACH NAMED DEFENDANT.; 50 W State St, Trenton, NJ 08608.
4. COPY DATED AND STAMPED TO BE MAILED BY THE FEDERAL COURTS TO THE SAME ADDRESSES.

_____,