# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOSEA L. FLAGG,<br><br>*Plaintiff,*<br><br>v.<br><br>STATE OF NEW JERSEY/OFFICE OF CHILD SUPPORT SERVICES, et al.<br><br>*Defendants.* | Civil Action No.: 17-cv-02602 (PGS)(TJB)<br><br>MEMORANDUM AND ORDER |

SHERIDAN, U.S.D.J.

This matter is before the Court on Defendant, State of New Jersey/Office of Child Support Service's motion to dismiss Plaintiff's Second Amended Complaint (ECF No. 23).

At oral argument for this motion, held before this Court on April 23, 2018, Plaintiff agreed to dismiss all counts of the Second Amended Complaint except Count I. Accordingly, this opinion discusses Defendant's motion to dismiss Count I.

I.

Generally, this is an employment discrimination matter that was filed by Hosea L. Flagg, against the Office of Child Support Services (hereinafter "OCSS"). When describing the nature of this case, Plaintiff avers that he is seeking relief for the violation of his "civil rights failure to hire based on age after complaining about email transmissions and remarks made by management regarding sexual [orientation]." (Second Amended Complaint, ("SAC") ECF No. 20, ¶1).

As the Court understands, on or about October 2013, Plaintiff, through ACRO Service Corporation, was hired by the Department of Human Services, to assist in Hurricane Sandy relief

efforts. In June 2014, Plaintiff was transferred to the OCSS, to work as a child support specialist. (SAC ¶8).

On or about November 12, 2014, Plaintiff spoke to several managers regarding disparaging remarks and emails about his sexual orientation made by a supervisor within the OCSS. (SAC ¶3). Plaintiff alleges that he reported the matter to the Governor's Office in October 2015. Since there was no feedback from the Governor's Office, on or about December 7, 2015, Plaintiff brought the matter to the attention of the Acting Office Manager, Jeanette Murray. (Id.) Sometime in late 2015, Plaintiff claims that OCSS posted a position for a "Child Support Specialist 1," for which Plaintiff applied on February 2, 2016. On March 18, 2016, Plaintiff was contacted by Maureen[1], a manager, who requested that Plaintiff send her a copy of Plaintiff's resume. Sometime later, the incoming office manager ("Val"[2]) asked that Plaintiff to come to her office to discuss the resume submitted. On April 1, 2016, Val made changes to Plaintiff's resume and resubmitted it to Human Resources. Plaintiff alleges that Val had two blood relatives who also applied for the same position. Therefore, on or about May 18, 2016, Plaintiff filed a "follow-up" Complaint with the Governor's office. On or about June 2016, Plaintiff filed a formal complaint with the EEOC. (SAC ¶3). In July, 2016, John Karl allegedly told Plaintiff that he should not track his co-workers. Plaintiff denied the accusations. (Id. ¶4). It appears that at that time, Defendants were informed of the complaints that Plaintiff had filed with the EEOC and the Governor. (Id.)

On or about July 2016, Plaintiff was moved from Building 3 to Building 5. Building 5 apparently had limited access to functions needed to complete daily tasks. Plaintiff was informed of the move by Defendant's "agent," Andrew. (Id. ¶5).

---

[1] Based on the caption of the Complaint, Maureen is most likely Maureen Taylor.
[2] Based on the caption of the Complaint, Val is most likely Val Taumatolla.

In 2017 Plaintiff's job assignment was changed to ECM-electronic content management. (Id. ¶6). According to the Complaint, several younger applicants were hired by Defendant in May 2017. (Id. ¶10). As stated in the Complaint, on June 30, 2016, "Plaintiff's employer ACRO Services Corporation called to inform the Plaintiff" that his contract was not being renewed. (Id. ¶7). ACRO told Plaintiff not to report to work after the July fourth weekend, to collect any personal belongings from the security guard and to return the badge used for entry as soon as possible[3]. (Id.)

## COUNT I: Wrongful Termination

Count I is identified in the Second Amended Complaint as a "Wrongful Termination" claim. As best the Court can tell, Plaintiff alleges that Defendant and its agents made comments, in writing and orally, that were offensive to the Plaintiff. (SAC ¶9). Plaintiff alleges that he reported the comments to upper management "as well as to his employer ACRO Service Corporation." (Id.) "As a direct and proximate result of these stated acts omissions, circumvention, and complaints made to the State of New Jersey EEO, Division of Civil Rights, and the Federal EEO (The Plaintiff exercised his Civil Rights), the Defendants wrongfully discharged the Plaintiff from employment." (Id. ¶10) Plaintiff contends that the State hired "several younger employees within the division and the comment was made by the Asst. Director at an open staff meeting that we have filled the office with younger techier personnel." (Id.) At oral argument Plaintiff seemed to argue that this claim should also be construed as a discrimination claim on the basis of his sexual orientation, and a retaliation claim, in addition to the age discrimination claim.

---

[3] Plaintiff filed the initial Complaint in this matter on April 1, 2017. On August 10, 2017, the Court granted Defendant, OCSS's motion to dismiss. Plaintiff then filed an Amended Complaint on September 6, 2017. Defendant filed a motion to dismiss which was then withdrawn. On December 5, 2017, Plaintiff filed a Second Amended Complaint. (ECF No. 20). On January 16, 2018, Defendant filed a motion to dismiss currently pending before this Court. (ECF No. 23). As previously mentioned, the motion will be reviewed only with regards to Claim I.

II.

Defendant brings a motion to dismiss for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Specific to Claim I, Defendant argues that Plaintiff's claim should be dismissed because OCSS was not Plaintiff's employer.

The Court notes that Plaintiff is proceeding *pro se*, and for that reason "we construe his complaint in the way most favorable to him." *Carr v. Sharp*, 454 F.2d 271, 272 (3d Cir. 1971). Pursuant to Rule 8(a)(2) "a pleading that states a claim for relief must contain ... [a] short and plain statement of the claim showing that the pleader is entitled to relief." On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 556 U.S. at 678-79; *see also Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). A complaint should be dismissed only if the well-pleaded alleged facts, taken as true, fail to state a claim. *See In re Warfarin Sodium*, 214 F.3d 395, 397-98 (3d Cir. 2000).

III.

In Count I, Plaintiff alleges he was wrongfully terminated on the basis of age. This claim does not identify any statute, regulation, law or constitutional provision as its basis. Overall, the Court finds that this claim fails to meet the requirements of Rule 8(a) and Rule 12 (b)(6) in so far it does not properly state a claim.

"The ADEA prohibits age discrimination in employment against any person over age forty." *Brewer v. Quaker State Oil Ref. Corp.*, 72 F.3d 326, 330 (3d Cir. 1995). To sustain a claim under ADEA, Plaintiff must show that he "(1) is over 40; (2) is qualified for the position in question; (3) suffered an adverse employment decision; and (4) was replaced by a sufficiently younger person to permit an inference of age discrimination." *Id.*

Here, Plaintiff's Complaint plainly fails to demonstrate the necessary elements to sustain a claim under ADEA. First and foremost, nowhere in Plaintiff's Complaint does he identify his date of birth; as such, it is unclear whether he is even capable of asserting protection under the ADEA. Putting that issue aside, the Complaint nevertheless fails to establish Plaintiff's qualifications for the position or that the qualifications of those who allegedly replaced him. Finally, there is no evidence in the motion record to support Plaintiff's vague assertion that Defendant sought to fill the position with younger individuals. Plaintiff's statements are conclusory and unsupported. (SAC at ¶ 10).

With regard to the sexual orientation claim, there are no statements under Count I of the Second Amended Complaint that could be construed as supporting such a cause of action. Therefore, the Court will not review the merits of such claim.

Lastly, in the interest of comprehensiveness, in opposing Defendant's motion to dismiss, Plaintiff argues that OCSS was the employer, however, in the Complaint, Plaintiff states that on

June 30, 2016, "Plaintiff's employer ACRO Services Corporation called to inform the Plaintiff" that his contract was not being renewed. (SAC ¶7). With that statement, Plaintiff acknowledges that ACRO was his employer.

For those reasons, Plaintiff's Claim I, the only claim remaining in the action before this Court, is dismissed.

## ORDER

Having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this 16th day of May, 2018,

ORDERED that Defendant's Motion to Dismiss is granted without prejudice as to Count I; and it is further

ORDERED that all other remaining Counts before this Court are dismissed without prejudice; and it is further

ORDERED that since Plaintiff has withdrawn all claims except Count I, he may file an amended complaint solely with regard to Count I within thirty days.

_____
PETER G. SHERIDAN, U.S.D.J.