UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| HOSEA L. FLAGG, | Civil Action No.: 17-cv-02602 (PGS)(TJB) |
| *Plaintiff*, | |
| v. | **MEMORANDUM AND ORDER** |
| STATE OF NEW JERSEY/OFFICE OF CHILD SUPPORT SERVICES, et al. | |
| *Defendants*. | |

SHERIDAN, U.S.D.J.

This matter is before the Court on Defendant, State of New Jersey/Office of Child Support Service's motion to dismiss Plaintiff Hosea L. Flagg's Third Amended Complaint. (ECF No. 34). Plaintiff describes his sole cause of action as "wrongful termination/age discrimination," pursuant the Age Discrimination in Employment Act, 29 U.S.C. § 621 (1967) (hereinafter "ADEA"[1]).

As the Court understands, Plaintiff entered into a contract with the Department of Health and Human Services in October of 2013, through his employer ACRO Service Corporation (hereinafter "ACRO"). (*Id.* at p. 6). Plaintiff was initially hired by ACRO to assist with Hurricane Sandy relief, but was transferred to the Office of Child Support Services (hereinafter "OCSS") in June 2014. (*Id.*). On or about November 12, 2014, Plaintiff complained to several managers about sexually explicit remarks and emails from a supervisor. (*Id.* at p. 2). The complaint was initially

---

[1] It is not clear from the Complaint, as filed, whether Plaintiff intends to assert a claim for retaliation for engaging in protected activity under Title VII, as such the Court will not review that possible claim at this time. Previously, this Court dismissed the Title VII claim on May 17, 2018 for failure to demonstrate the necessary elements to sustain a claim.

1

ignored and in October 2015, Plaintiff alleges that he complained to the Governor's office. (*Id.*). Plaintiff discussed the problem with Acting Office Manager, Jeanette Murray, on or about December 7, 2015. (*Id.*).

Sometime in late 2015, Plaintiff claims that a Child Support Specialist position became available and he applied for that position on February 2, 2016. (*Id.*). Plaintiff was 50 years old at that time. (*Id.* at p. 7). About a month later, Maureen Taylor, a manager for OCSS, requested that Plaintiff send her and Jeanette Murray an electronic copy of his resume together with a confirmation that he paid for the application. (*Id.* at p. 2, 9). At some later date, Plaintiff alleges that Val Taumatolla an incoming manager, asked Plaintiff to come to her office and discuss his resume. (*Id.* at p. 3). On April 1, 2016, Plaintiff alleges that Ms. Taumatolla negatively altered his resume and resubmitted it to Human Resources because Ms. Taumatolla had two blood relatives applying for the same position. (*Id.*).

Plaintiff followed up on his complaint with the Governor's office on or about May 18, 2016 and filed a formal complaint with the "EEO[C], Division of Civil Rights, and the federal EEO[C]" (sic) the next month. (*Id.* at p. 4). Later, in June 2016, John Karl of Human Resources met with Plaintiff, and Karl advised Plaintiff that he was not allowed to track his co-workers' employment status (*Id.*). In response, Plaintiff claims he told Human Resources that a complaint had been filed with the Governor's office, which they proceeded to verify. (*Id.*). In July 2016, Plaintiff was moved from Building 3 to Building 5 and apparently, he had reduced access to the functions required to complete his daily tasks. (*Id.*). Defendant's "agent" Andrew informed Plaintiff of this move. (*Id.*).

In 2017, Plaintiff's job was changed to "ECM-electronic content management; team responsible for scanning and filing of mail and correspondence and attending meeting[s] with subcontractors and outside vendors." (*sic*) (*Id.* at p. 5). Around May 2017, OCSS hired two

additional staff members that, at the time, were under the age of 30. (*Id.* at p. 7). The two staff members were Danielle Broach and "Trent," who Plaintiff alleges is one of his supervisors' nephew. (*Id.*). Plaintiff was notified by ACRO on June 30, 2017 that his contract was not being renewed, and that he should not return after the weekend of July 4, 2017. (*Id.*).

I.

The Court notes that Plaintiff is proceeding *pro se*, and for that reason "we construe his complaint in the way most favorable to him." *Carr v. Sharp*, 454 F.2d 271, 272 (3d Cir. 1971). Pursuant to Rule 8(a)(2) "a pleading that states a claim for relief must contain ... [a] short and plain statement of the claim showing that the pleader is entitled to relief." On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court will accept well pleaded allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 556 U.S. at 678-79; *see also Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). A complaint should be dismissed only if the well-pleaded alleged facts, taken as true, fail to state a claim. *See In re Warfarin Sodium*, 214 F.3d 395, 397 98 (3d Cir. 2000).

II.

Defendant first argues that the ADEA claims are prohibited by sovereign immunity under the Eleventh Amendment of the Constitution. The Eleventh Amendment protects states, their agencies, and departments from suit in federal court irrespective of the kind of relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984). "The State has not waived its sovereign immunity under the Eleventh Amendment and Congress did not validly abrogate the States' sovereign immunity to ADEA suits filed by private individuals." *Shahin v. State*, 345 Fed. Appx. 815, 817 (3d Cir. 2009); *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91, 120 S. Ct. 631, 145 L. Ed. 2d 522 (2000). *Shahin v. Delaware*, 563 Fed. Appx 196, 198 (3d Cir. 2004). Thus, because OCSS is an agency of the Department of Human Services, Defendant is entitled to immunity pursuant the Eleventh Amendment with regards to the ADEA claim.

The Court notes that the Third Circuit has held that "[a] district court should not dismiss a pro se complaint without allowing the plaintiff leave to amend unless amendment would be futile." *Hill v. Rozum*, 447 F. Appx. 289, 290 (3d Cir. 2011) (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). Plaintiff has had multiple chances to remediate the insufficiency of his Complaint but once again has failed to do so. At this time, to allow further amendments of the Complaint would be a futile exercise. *See Hoffenberg v. Bumb*, 446 F. App'x 394, 399 (3d Cir. 2011); *Rhett v. N.J. State Superior Court*, 260 F. App'x 513, 516 (3d Cir. 2008).

**ORDER**

THIS MATTER having been opened to the Court by Defendants' motions to dismiss Plaintiff's Third Amended Complaint (ECF No. 34); and the Court having fully considered the

submissions in support thereof, and any opposition thereto; and having considered the arguments of the parties; and for good cause shown;

IT IS on this 29th day of August, 2018,

**ORDERED** that Defendants' Motion to Dismiss (ECF No. 34) is GRANTED.

The Clerk is directed to close this matter.

_____
PETER G. SHERIDAN, U.S.D.J.